IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 23-12-BLG-KLD |
| Plaintiff, | |
| vs. | ORDER |
| SHERRY GAIRRETT, | |
| Defendant. | |

Currently pending before the Court are Defendant's Motion for Partial Summary Judgment on Prescriptions Not Supported by Expert Testimony (Doc. 25) and Motion in Limine to Exclude Plaintiff's Supplemental Expert Opinion, Docket 31-1 (Doc. 32).

## I.    BACKGROUND

This case involves allegations that Defendant Gairrett improperly prescribed Schedule II opioids and Schedule IV carisoprodol and lorazepam to four patients over a number of years. The United States alleges Gairrett issued prescriptions without a legitimate medical purpose, thus subjecting her to civil penalties and injunctive relief. *See* 21 U.S.C. § 842(a)(1); 21 U.S.C. § 843(f). The United States seeks the maximum statutory civil penalty for all allegedly improperly issued prescriptions, which is $72,683.00 per violation. *See* 28 C.F.R. § 85.5. The United States alleges Gairrett issued 238 improper prescriptions to the four patients

between November 8, 2017 and May 4, 2020. (Doc. 32 at 3). Gairrett denies

improper prescription of drugs to her patients, and asserts she used independent

clinical judgment for each patient when prescribing narcotics to those individuals.

A bench trial is scheduled for August 5, 2024.

On December 1, 2023, the United States disclosed its liability expert, Stacy

M. Stellflug, PhD, APRN, FNP-BC. (Doc. 27-1). Stellflug is a Family Nurse

Practitioner with 19 years of practice experience and 11 years of teaching nurse

practitioner students. (Doc. 29-1 at 5). Stellflug reviewed the medical records for

the four patients in question, and ultimately opined that Gairrett did not meet the

standard of care in her treatment of the four patients specific to long-term pain

management and her prescription practices in the treatment of the patients. (Doc.

27-1 at 16-17).

Gairrett has moved for partial summary judgment on all but 45 prescriptions,

arguing that Stellflug's disclosure does not specifically address the remaining

prescriptions by listing each prescription and/or provider/patient encounters that

led to the prescription. (Doc. 35). In response, the United States argues Stellflug's

disclosure listed "a selective chronology" of the records reviewed by Stellflug, but

the opinion itself encompasses all of the prescriptions for the four patients during

the relevant time period. (Doc. 31 at 4-5). To support its argument, the United

States submitted a declaration for Stellflug, in which she clarifies that her opinion

is that Gairrett did not meet the standard of care in her treatment of the four

patients, and her report "highlighted certain dates where problematic events

occurred." (Doc. 31-1 at ¶ 3). Stellflug further states that her opinion is not limited

to the specific treatment dates provided in the report, but rather applies to the entire

time frame during which Gairrett treated the four patients. (Doc. 31-1 at ¶ 4).

Gairrett filed a motion in limine, arguing the Stellflug declaration is an

untimely supplemental report and should not be considered by the Court in

determining the issues raised in the motion for partial summary judgment. (Doc.

34). The United States counters that the Stellflug declaration simply explains what

is already in her report, and is thus not a supplemental report. It further argues that

even if the Court considers it to be a supplemental expert report, it does not

disclose any theories or opinions that were not in her initial report, and thus

considering it is harmless under F. R. Civ. P. 37(c)(1).

## II.    DISCUSSION

### A. Gairrett's Motion in Limine

"A motion in limine is a procedural mechanism to limit in advance

testimony or evidence in a particular area." *Croy v. Ravalli County*, 2020 WL

6111098, *1 (D. Mont. Oct. 16, 2020) (quoting *United States v. Heller*, 551 F.3d

1108, 1111 (9th Cir. 2009)). Courts have "wide discretion" in considering and

ruling on motions in limine. *Tritchler v. Co. of Lake*, 358 F.3d 1150, 1155 (9th Cir.

2004). Here, Gairrett argues the Stellflug Declaration should be excluded as an

improper supplemental witness disclosure, citing *Keener v. U.S.*, 181 F.R.D. 639

(D. Mont. 1998) for the proposition that a party cannot disclose a new expert

opinion, under the guise of "supplementing" an otherwise timely disclosed expert

report. Gairrett claims the Stellflug Declaration improperly states, for the first time,

that Stellflug's opinion is not limited to the 45 specific treatment dates listed,

which she argues is a materially new opinion and thus properly excluded.

The United States conversely argues there is nothing in Stellflug's

Declaration that is not also in her original report, and cites *Star Ins. Co. v. Iron*

*Horse Tools, Inc.,* 2018 WL 3079493, * 6 (D. Mont. (February 7, 2018)) as support

for her conclusion that experts can appropriately respond to criticisms of their

reports by clarifying or repeating information in the reports in a subsequently filed

declaration.[1]

The Court has reviewed both the original Stellflug report and the

Declaration, and finds that the Declaration responds to specific criticisms made by

Gairrett and ultimately does not expand upon her previously disclosed opinions.

Stellflug's Declaration is not a "dramatic, pointed variation" of her report, but

---

[1] Gairrett argues F.R.App.P. 36-3 precludes the Court from considering *Star Ins.
Co.* and other District Court cases because they are "unpublished." However, this
rule does not apply to district court cases, which are not designated "published" or
"unpublished" and which are routinely cited in this District.

instead repeats information that is already found within her report. Accordingly, the Stellflug Declaration does not run afoul of the disclosure requirements in F. R. Civ. P. 26(a)(2)(d).

### B. Gairrett's Motion for Partial Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986).

Once the moving party has satisfied its initial burden with a properly supported motion, summary judgment is appropriate unless the non-moving party designates by affidavits, depositions, answers to interrogatories or admissions on file "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials" of the pleadings. *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

Gairrett's motion for partial summary judgment is premised on her interpretation of the Stellflug report. She argues that because the report specifically lists only 45 patient/provider encounters, with associated prescriptions, Stellflug cannot testify about the appropriateness of the remaining 193 prescriptions. Because determining whether a prescription was issued for a legitimate medical purpose requires expert testimony establishing generally accepted objective medical standards, Gairrett argues she is entitled to summary judgment as to any claims relating to the 193 prescriptions not specifically listed in Stellflug's report.

The United States disagrees, noting that the report itself specifies that the patient/provider encounters listed in the report are a "selective chronology" for each patient. The United States further notes Stellflug's report contains conclusions that broadly discuss alleged deficiencies in Gairrett's treatment and prescribing practices, including dates that are not part of the "selective chronology" listed for each patient.

F. R. Civ. P 26(a)(2)(B) requires a written report, prepared and signed by the person, if that person is retained or employed to provide expert witness testimony in a case. The witness is required to provide:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)    The facts or data considered by the witness in forming them;

(iii)   any exhibits that will be used to summarize or support them;

(iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)    a statement of the compensation to be paid for the study and testimony in the case.

F. R. Civ. P. 26(a)(2)(B)(i-vi). The expert report is intended to "provide full information to prepare for effective and efficient discovery" and to eliminate surprise. *Arneson v. Michigan Tissue Bank*, 2007 WL 4698986, * 5 (D. Mont. March 26, 2007) (citation omitted). A report that is merely conclusory in nature, not based on evidence from the discovery, or devoid of any explanation of the facts and bases for the expert's conclusion, warrants exclusion of that expert's testimony. *Arneson*, * 5. However, a report that "sufficiently states the reasons, bases, and information supporting most of [her] opinions" complies with the rule. *Arneson*, * 6.

7

Here, Gairrett appears to only be challenging Rule 26(a)(2)(B)(i-ii), or whether the Stellflug report contains a complete statement of her opinions, as well as the basis and reason for those opinions and the facts considered in reaching those opinions. The Court has carefully reviewed the Stellflug report, and finds that it complies with Rule 26(a)(2)(B)(i-ii). While Stellflug does not exhaustively list each patient/provider contact for the four patients, the report clearly states that she reviewed and relied on all of the medical records for the patients, which are listed by date on page 1 of the report, and summarizes the three guidelines for managing chronic pain which she asserts govern the conduct of nurse practitioners such as Gairrett. (Doc. 29-1 at 1-2).

For each of the four patients, Stellflug provides a "selective chronology" of clinical care, and follows that with a specific discussion of how Gairrett fell below the standard of care as to each guideline and an analysis of the opinion as to each patient. (Doc. 29-1 at 3-12). The report concludes with a summary of Stellflug's opinion, discussing the specific ways in which Stellflug believes Gairrett's prescribing conduct fell below the standard of care for her entire treatment of the patients, with citations to specific medical literature for her conclusions.

While it certainly would have been possible for Stellflug to simply list each patient/provider contact before discussing the guidelines and her opinions, the Court cannot say that the failure to do so violates the rule, nor does it leave surprise

as to her opinion, which is that all of Gairrett's treatment during that time period

fell below the standard of care. That is not to say, of course, that Gairrett is limited

in vigorously cross-examining Stellflug as to her opinions, including the selection

of the entries in the chronology, challenging her statements and assumptions and

ultimately her opinion about the treatment of the patients. The Court simply finds

that the Stellflug report adequately discloses the information necessary for Gairrett

to do so.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for

Partial Summary Judgment on Prescriptions Not Supported by Expert Testimony

(Doc. 25) and Motion in Limine to Exclude Plaintiff's Supplemental Expert

Opinion, Docket 31-1 (Doc. 33) are DENIED.

IT IS FURTHER ORDERED that the Court will hold a status conference at

10:00 a.m. on Monday, July 1, 2024 to discuss housekeeping matters relating to the

trial. The status conference will be held via Zoom. The Clerk of Court will notify

counsel via e-mail of the meeting ID and password in advance of the status

conference. **Zoom Guidance and Setup available at:**

**https://www.mtd.uscourts.gov/zoom-hearings**.

DATED this 14th day of June, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge